Pearson C. J.
 

 From the manner in which the case is made up, the intention was to present this simple point : At a public sale ofland, a tract is bid off by the defendant; the auctioneer says, “Put it down to James S. Long,” whereupon the clerk enters on his sale list
 
 in the presence of Long,
 
 “Rayner tract to James S. Long at $40 per acre.” Is this a
 
 *467
 
 sufficient
 
 signing
 
 of a note or memorandum of the contract, within the statute of frauds ?
 

 On the argument Mr. Bragg was forced to admit that, according to the English cases, this is a sufficient signing by the authority of the defendant, for it was_done
 
 in Ms presence,
 
 so the authority was express. Sug. Yend., 74 to 77. He then raised the question that the terms of description are not sufficient; but the case states that the “Rayner tract” was a well known designation. He then made the point that the memorandum was not sufficient, inasmuch as the terms of sale are not set out in it. As this was a sale under a power given by will to sell certain lands, and the case states that the sale was made after
 
 advertisement,
 
 and the original counsel of the defendant, Mr. Biggs, in his brief filed in the case, makes but two points, 1st. The auctioner and clerk
 
 were agents only of the plgintiff;
 
 2d. The statute of frauds makes void the contract
 
 although
 
 it was at an auction sale. We must take it that the advertisement contained the terms of sale, as is usual in such cases. So all that we are to decide is, that this written memorandum and signing of the name of the defendant by the clerk, taken in connection with the terms of sale, is a compliance with the statute.
 
 Bartlett
 
 v.
 
 Burnell,
 
 31 Eng. C. L., 180, isadirectauthorityforthis; for there it is taken to be settled that the auctioner is the agent of
 
 both
 
 parties, and the entry on his lists, taken in connection with the advertisement, is a compliance with the statute, although that case went off on the point that the bidder was at liberty to prove a special agreement with the vendor, by which she was not to be held up to the terms set out in the advertisement.
 

 There is error. Judgment reversed and
 
 venire denovo.
 

 Per Curiam.
 
 Venire de novo.