### D. B. LEWIS v. J. P. MURRAY.

(Filed 3 January, 1919.)

1. **Statute of Frauds—Lands, Contracts to Convey—Specific Performance—Vendor and Purchaser—Equity.**

    Under our statute (Revisal, sec. 976), requiring, among other things, that a contract to convey lands shall be void unless it, or some note or memorandum thereof, shall be put in writing and signed by the party charged, etc., the "party to be charged" is the one against whom relief is sought; and if the contract is sufficient to bind him, he can be proceeded against, though the other could not be held, because as to them the statute of frauds is not fully complied with.

2. **Contracts — Vendor and Purchaser — Specific Performance — Consideration—Evidence.**

    In a suit against the vendor in a contract to convey lands, it is not necessary to the purchaser's right for specific performance that the consideration appear in the writing.

2—177

3. **Contracts—Lands—Vendor and Purchaser—Written Contracts—Subject-matter—Parol Evidence.**

A contract to convey lands must contain, expressly or by necessary implication, the essential features of an agreement to sell, and describe the lands with reasonable certainty, affording data, in itself or by reference to some other written paper, that will enable the court, with the aid of extrinsic evidence, to identify the property, the subject-matter of the contract.

4. **Same—Specific Performance—Consideration.**

A paper-writing, expressing upon its face the following: "Received on account of trade on home place $100 from" a certain named person, and signed by the vendor, is a sufficient contract to convey to enforce specific performance at the suit of the vendor, permitting evidence to show the purchase price, and that, of several separate tracts of land owned by the vendor in the county, there was only one of them on which he lived, and known as the home place, and that the description in the instrument corresponded therewith.

ACTION tried before *Connor, J.,* and a jury, at February Term, 1918, of ROBESON.

The action is to enforce specific performance of a contract to sell land on the following paper-writing signed by defendant:

BARNESVILLE, N. C., 10/18/1917.

Received on account of trade on home place, $100.00, one hundred dollars.   From D. B. Lewis.                          J. P. MURRAY.

Witness:   W. C. WALTERS.

There was accompanying evidence on the part of plaintiff tending to show that plaintiff, on 18 October, 1917, bought the place on which defendant lived, and where he had lived for fifteen years past, for $1,600 and paid him $100 on the purchase price and, taking the receipt as above set out, had been ready and able to pay balance of amount, and told defendant this, who said he would have the deed drawn in a few days, but later had failed and refused to comply further. There was further evidence on the part of plaintiff tending to identify the place, and that it was known and called the "Home Place." There was also evidence to the effect that while defendant owned two other tracts of land in the county (a 50- and a 70-acre tract), he had never lived on either, and this place was a piece of land in Barnesville, Robeson County, North Carolina, bought by defendant of R. R. Barnes, and was the home place as referred to and described in the deed.

Defendant in his answer denied any obligation to convey the property and insisted that there was no contract in writing, as required by the statute, and alleged a tender and refusal of the one hundred dollars.

At the close of the testimony, the court being of opinion that no suffi-cient contract or memorandum had been shown, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*McLean, Varser & McLean for plaintiff.*
*McIntyre, Lawrence & Proctor for defendant.*

HOKE, J. The portion of our statute of frauds applicable to execu-tory contracts to sell and convey land (Revisal, sec. 976) provides that these and certain other contracts specified therein shall be void unless said contract, or some note or memorandum thereof, be put in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized.

In various decisions construing the statute, it is held that the "party to be charged" is the one against whom relief is sought; and if the con-tract is sufficient to bind him, he can be proceeded against though the other could not be held, because as to him the statute is not sufficiently complied with. As expressed in *Mizell, Jr., v. Burnett,* 49 N. C., 249: "Under the statute of frauds, a contract in writing to sell land, signed by the vendor, is good against him, although the correlative obligation to pay the price is not in writing and cannot be enforced against the purchaser."

Again, it is held that where the action is against the vendor, it is not required, for the validity of the contract, that the consideration appear in the writing. This position, a departure from the English decisions on the subject, was approved and sustained in a learned and notable opinion by *Chief Justice Ruffin* in *Miller v. Irvine,* 18 N. C., 103, and has since been accepted with us as the correct interpretation of the law. Subject to these rulings, it is recognized that the written contract or memorandum must contain expressly or by necessary implication the essential features of an agreement to sell, and it must describe the land with reasonable certainty, affording data in itself or by reference to some other written paper that will enable the court, with the aid of extrinsic evidence, to identify the property, the subject-matter of the contract. *Bateman v. Hopkins,* 157 N. C., 470; *Farmer v. Batts,* 83 N. C., 387.

Applying these principles, we are of opinion that the paper-writing declared on is in full compliance with the statutory requirements. The party to be charged in this instance being the vendor, the consideration, as we have seen, need not be stated. The words clearly import that there was a contract for the sale of the vendor's home place to plaintiff. This is not only a permissible and accepted definition of the word "trade" in a transaction of this character (*May v. Sloan,* 101 U. S.,

231; 8 Words and Phrases, 7037), but such an interpretation is put beyond question by the language in which it is expressed: "Received on account of trade on home, $100, from D. B. Lewis. (Signed) J. P. Murray"—language fully as significant of a contract of sale between the parties as that upheld in the well-considered case of *Bateman v. Hopkins, supra,* and *Mfg. Co. v. Hendricks,* 106 N. C., 485, and approved as sufficient against the vendor in *Hall v. Meisenheimer,* 137 N. C., 183. And, under the authorities more directly relevant, the terms are sufficiently definite to identify the property, the subject-matter of the trade, and to permit the aid of parol testimony in fitting the description to the land sold. *Bateman v. Hopkins, supra; Mfg. Co. v. Hendricks, supra; Thornburg v. Masten,* 88 N. C., 293; *Farmer v. Batts,* 83 N. C., 387; *Simmons v. Spruill,* 56 N. C., 9; 29 A. & E. Enc. (2d Ed.), 866.

In this last citation, the general principle is correctly stated as follows: "A contract for the sale of real property must contain a description of the land to be sold, but it is not necessary that the description should be given with such particularity as to make a resort to extrinsic evidence unnecessary. The doctrine *'Id certum est quod certum riddi potest'* applies, and if the designation is so definite that the purchaser knows exactly what he is buying and the seller knows what he is getting, and the land is so described that the court can, with the aid of extrinsic evidence, apply the description to the exact property intended to be sold, it is enough."

In *Simmons v. Spruill* the instrument designating the land as that "whereon the vendor resides," or the A. B. farm, was held to be sufficient. And in *Farmer v. Batts* the Court, giving a number of illustrations where the contract was enforced, refers to *Hurly v. Brown,* 98 Mass., 545, and other authorities as follows: "So a receipt of fifty dollars in part payment of a house and lot of land situated in Amity Street, Lynn, Mass., the full amount is seventeen hundred dollars," the defendant being shown to own no other real estate on that street except the lot, was declared to be binding and a specific performance enforced in *Hurly v. Brown,* 98 Mass., 545, and the Court say: "The presumption is strong that a description which actually corresponds with an estate owned by the contracting party is intended to apply to that particular estate, although couched in such general terms as to agree equally well with another estate which he does not own."

In the subsequent case of *Mead v. Parker,* 115 Mass., 413, where the writing was in these words, "This is to certify that I, Jonas Parker, have sold to Franklin Parker a house on Church Street for the sum of fifty-five hundred dollars," the Court held that evidence was competent to show what house the defendant owned on Church Street, and decreed specific performance of the contract, remarking as follows: "The most specific

and precise description of the property intended requires some proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership and situation of the parties, and of their relation to each other and the property, as they were when the negotiation took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement."

"Every valid contract," says Mr. Fry in his work on specific performance, sec. 209, "must contain a description of the subject-matter; but it is not necessary it should be so described as to admit of no doubt what it is, for the identity of the actual thing and the thing described may be shown by extrinsic evidence." To the same effect, Pomeroy on Contracts, sec. 90, note.

In *Burns v. Starr,* 165 N. C., 657, cited for defendant, the note was for so much money "for land," and it was held that the same was not a sufficient memorandum within the meaning of the statute, as the terms did not sufficiently import an agreement to sell, nor did it sufficiently describe the property. And in *Hall v. Meisenheimer,* action was against the purchaser and relief was denied because the writing contained no evidence of the contract on his part. If the party sued in that case, the party to be charged had been the vendor, as in this, the decided intimation is that the writing was a sufficient memorandum under the statute.

There is error in the judgment of nonsuit, and this will be certified that the case be submitted to the jury on appropriate issues.

Error.