R. A. KENDALL v. PINNIX REALTY COMPANY.

(Filed 26 April, 1922.)

Parties—Actions—Fraud—Contracts—Specific Performance—Deeds and Conveyances—Statute of Frauds—Statutes.

> The plaintiff and another entered into a written contract of purchase of defendant's land, sufficient to bind the latter under the statute of frauds, C. S., 988, and the plaintiff alone brought this action, alleging fraud, and seeks to recover back the part payment of the purchase price made thereon by himself and the other person interested, who has not been made a party: *Held,* by his action the plaintiff repudiated the contract and renounced his right to specific performance, and such other person having an equitable interest in the subject of the action is a proper party with a right to assert such equity and to have the entire controversy settled in one action. C. S., 457.

APPEAL by defendant from *Finley, J.,* at September Term, 1921, of RICHMOND.

The defendant contracted to sell to the plaintiff and his father, J. A. Kendall, a tract of land, situated in Anson County, and executed the following receipt: "Received of Mr. R. A. Kendall and J. A. Kendall, on 8 July, 1920, $500, as part payment on 121 acres of land of Mr. M. L. Ross place at $65 per acre, 2½ miles north of Polkton on the Polkton graded road.

"Balance of one-half payment to be paid by 1 January, 1921, which is $3,432.50.                           PINNIX REALTY COMPANY,
                                             J. C. Flowers, *Manager.*"

Plaintiff alleged that he paid the $500 named in the receipt, and that the payment was induced by fraud. Denial by the defendant. Issues as to the alleged fraud and damages were answered in favor of the plaintiff, and from the judgment rendered the defendant appealed.

*J. Chesley Sedberry for plaintiff.*
*Fred W. Bynum for defendant.*

ADAMS, J. Since the evidence for the plaintiff tends to support the cause of action set out in the complaint the motion to nonsuit was properly denied; but the rights of all the parties to the contract cannot be determined in a controversy solely between the plaintiff and the defendant. As we understand the record, the parties admit that as to the defendant the receipt introduced in evidence is a sufficient compliance with the statute of frauds, and that against the defendant specific performance may be enforced. But the plaintiff contends that neither he nor his father is bound by the receipt, and that either of them has the right to repudiate the alleged contract. C. S., 988; *Burris v. Starr,* 165 N. C., 657; *Lewis v. Murray,* 177 N. C., 17. Accordingly, the plaintiff prosecutes this suit to recover the amount paid as a part of the purchase price of the land. In doing so he repudiates the contract and renounces his right to demand performance by the defendant. It will be noted that the defendant acknowledges receipt of the $500 from both the plaintiff and his father. The latter, who is not a party to the suit, appears to have an equitable interest and a right to assert it in this action, and it does not appear that he has voluntarily abandoned his rights. Besides, the defendant is entitled to an opportunity to have the entire controversy settled in one action. J. A. Kendall should therefore be made a party. If he is unwilling to become a coplaintiff, summons may be issued against him as a defendant. C. S., 457. To this end a new trial is necessary. Let this be certified as provided by law.

New trial.