THE NORTHWESTERN BANK, TRUSTEE UNDER THE WILL OF D. C. DUNCAN, DECEASED v. HAL E. CHURCH

No. 7923DC32

(Filed 6 November 1979)

**Frauds, Statute of § 2.1— receipt—sufficiency to meet requirements of statute of frauds**

A receipt given by plaintiff to defendant was a sufficient memorandum of the parties' contract to meet the requirements of the statute of frauds where the receipt provided, "Received from Hal Church $10,150.00 representing 29% down payment on 42' x 154' lot located on Main Street, Sparta, N.C. belonging to the D. C. Duncan Estate," and it was dated and signed by a trust officer of plaintiff.

APPEAL by defendant from *Davis, Judge*. Judgment entered 16 October 1978 in District Court, ALLEGHANY County. Heard in the Court of Appeals 20 September 1979.

Plaintiff brings this action seeking a declaratory judgment on the rights of the parties concerning an alleged agreement by plaintiff to sell certain real property in Sparta, Alleghany County, to defendant. Defendant answered, also requesting declaratory relief.

Plaintiff contends that the purported agreement to sell the real property to defendant is barred by the Statute of Frauds, N.C.G.S. 22-2. Both plaintiff and defendant moved for summary judgment.

The evidence shows the plaintiff is trustee under the will of D. C. Duncan, deceased, who died seized of several tracts of land on Main Street, Sparta, that are assets of the trust. One of the tracts of land has 42 feet frontage and a depth of 154 feet. This is the property defendant seeks to buy from plaintiff. Plaintiff had offered the parcel for sale at $35,000 and defendant agreed to pay the price "on a capital gains basis" or 29 percent down and the balance in three annual installments as requested by plaintiff. Bryant, trust officer of plaintiff, computed the 29 percent to be $10,150, and defendant wrote and delivered to him a check in that amount. Bryant thereupon wrote and delivered to defendant a receipt. Later the plaintiff returned the check to defendant and refuses to convey the property.

After hearing, the court denied defendant's motion for summary judgment, allowed plaintiff's motion and entered judgment adjudicating plaintiff was not obligated to convey the property to defendant. Defendant appeals.

*McElwee, Hall, McElwee & Cannon, by William C. Warden, Jr. and W. H. McElwee, for plaintiff appellee.*

*Vannoy & Reeves, by Wade E. Vannoy, Jr., for defendant appellant.*

MARTIN (Harry C.), Judge.

Counsel for both plaintiff and defendant concur that this appeal turns upon whether the receipt given by plaintiff was a sufficient memorandum of the contract to meet the requirements of the Statute of Frauds. There is no genuine issue of material fact in dispute. The question is the application of law to the facts. We hold that under the facts of this case the receipt was a sufficient memorandum of the contract.

The paperwriting in dispute reads:

Received from Hal Church $10,150.00 representing 29% down payment on 42′ x 154′ lot located on Main Street, Sparta, N.C. belonging to the D. C. Duncan Estate.

This the 17th day of January 1978.

The Northwestern Bank, Trustee

by: Lewis H. Bryant

Defendant's check for $10,150, payable to "D. C. Duncan Estate," contained the following: "For Lot 42' x 154—Sparta."

The Statute of Frauds, N.C.G.S. 22-2, provides all contracts to sell and convey real property "shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

The writing must disclose, at least with sufficient definiteness to be aided by parol, the terms of the contract, the names of the parties, grantor and grantee, and a description of the property. *Elliott v. Owen*, 244 N.C. 684, 94 S.E. 2d 833 (1956); *Searcy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593 (1946). The memorandum may be informal and more than one writing may be relied upon. *Hines v. Tripp*, 263 N.C. 470, 139 S.E. 2d 545 (1965). The description must be certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers. *Searcy v. Logan, supra.*

The application of these rules to the facts in this case leads us to the conclusion that the Statute of Frauds does not bar the contract to convey the property to defendant. The writing identifies the parties to the agreement: Hal Church and The Northwestern Bank, Trustee of the D. C. Duncan Estate. It is signed by the party to be charged, The Northwestern Bank, Trustee. It contains the terms of the contract, sufficient to be completed by parol, by referring to the $10,150 received from Church as representing 29 percent down payment. Where the vendor is the party to be charged it is not necessary that the price be stated in writing. *Lewis v. Murray*, 177 N.C. 17, 97 S.E. 750 (1919); *Thornburg v. Masten*, 88 N.C. 293 (1883).

The description of the property is sufficiently definite to be further aided by parol evidence. The property to be conveyed is described as being: (a) 42' x 154' lot, (b) located on Main Street, Sparta, N.C., and (c) belonging to the D. C. Duncan Estate. This is enough to allow extrinsic evidence to resolve the possible latent ambiguity that the D. C. Duncan Estate owned another 42' x 154' lot on Main Street, Sparta, N.C. The uncontradicted evidence showed the estate owned only one such lot. The writing does not leave the description of the land in a state of absolute uncertainty so as to be patently ambiguous and therefore prevent the use of

parol evidence. *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964). The language of the memorandum is adequate to show there was a meeting of the minds of the parties sufficient to establish the existence of a contract.

We hold the writing is within the reasoning of *Carson v. Ray*, 52 N.C. 609 (1860), and *Hurdle v. White*, 34 N.C. App. 644, 239 S.E. 2d 589 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978). The description of the property in *Hurdle* was "rest of Tuttle tract" which the Court held sufficient. In *Carson*, the description was "my house and lot in the town of Jefferson, in Ashe County, North Carolina." The Court upheld the conveyance, saying "my house and lot" imports a particular house and lot, sufficiently definite. Where the writing itself does not show the grantor had more than one house and lot, it will not be presumed that he had more than one and there is no patent ambiguity in the writing.

Here, the writing signed by plaintiff describes the 42' x 154' lot on Main Street, Sparta, owned by the D. C. Duncan Estate, a particular lot. We hold the writing is sufficient to overcome the plea of the Statute of Frauds and the trial court erred in granting summary judgment for the plaintiff and in denying defendant's motion for summary judgment.

The result is: the summary judgment in favor of plaintiff is reversed; the order denying defendant's motion for summary judgment is reversed and the cause remanded to the district court for the entry of summary judgment in favor of defendant.

Judges HEDRICK and CLARK concur.