## C. B. CLEGG v. J. C. BISHOP.

(Filed 12 November, 1924.)

### Contracts, Written—Statute of Frauds—Evidence.

> The party to be charged in this suit for specific performance of a contract to convey lands, under the Statute of Frauds, C. S., 988, is the vendor therein, and the vendee, the plaintiff in the action, does not fulfill the duty imposed on him to show that the statute has been complied with by a writing by which he alone is bound.

APPEAL by plaintiff from *Lane, J.,* at May Term, 1924, of GUILFORD. Suit for specific performance.

The defendant and The American Land Company made a written contract by which the company was to offer for sale for the defendant in separate lots a 10-acre lot of land in Greensboro. The defendant was to do such work as was necessary to put the property in good condition. The company was to advertise the sale, furnish auctioneers, etc., and at the close of the sale was to receive ten per cent of the gross receipts and $500 for expenses. The defendant agreed to make deeds for all the lots sold and settled for. The sale was advertised by the company to take place on 9 May, 1921. At the sale the plaintiff became the highest bidder for lot No. 3, and the following card was signed by the plaintiff and delivered to the company:

"This is to certify that I have this day bought through American Land Company lot No. 3, block............ as shown by the map of .......... ... .........for which I agree to pay $171.00 per foot, according to the terms announced by the auctioneer, and to secure said payments, I hereby assign to them all of my property, real and personal, waiving especially any rights of homestead exemption, and the payment of which I hereby bind myself, my heirs, executors and administrators."

"Witness my hand and seal, this the ........ day of .. ........ , 19 ..... .

Name: C. B. CLEGG (Seal)

Address. ................... ..... . . .................... ....

Witness.............. ... . ... .. .......... ..........."

The court sustained the defendant's objection to the introduction of this card and of a recorded plat showing the subdivision of lots 13, 15, 16 of the Bishop property, and the plaintiff excepted. Judgment of nonsuit. Appeal by plaintiff.

*Dallas C. Kirby for plaintiff.*
*Hobbs & Davis for defendant.*

ADAMS, J.  This is a suit to enforce the specific performance of an alleged contract for the sale of a lot in the city of Greensboro. In his answer the defendant denied the contract declared on and thereby imposed upon the plaintiff the necessity of showing that the contract had been executed in compliance with the statute of frauds. *Winders v. Hill,* 144 N. C., 617; *Henry v. Hilliard,* 155 N. C., 372, 379; *Stephens v. Midyette,* 161 N. C., 323. This statute provides that all contracts to sell or convey land shall be void unless put in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized. C. S., 988. The party to be charged in this action is the defendant; therefore unless the paper offered in evidence was signed by him or by some one thereto lawfully authorized by him it was properly excluded. *Brown v. Hobbs,* 154 N. C., 545; *Wellman v. Horn,* 157 N. C., 170. The paper or memorandum offered by the plaintiff does not show the required "signing" by the defendant or his agent. It embodies an obligation on the part of the plaintiff to purchase the lot; but on the part of the defendant it neither embodies nor purports to embody any obligation to convey. It was a printed form card prepared before the sale on which were written the words and figures "3— $171 per foot" in the blank spaces. There is no evidence that the words "American Land Company" were written at the time of the sale or that the memorandum was physically connected with any paper signed by the defendant. *Dickerson v. Simmons,* 141 N. C., 325; *Love v. Harris,* 156 N. C., 88; *Flowe v. Hartwick,* 167 N. C., 448; *Keith v. Bailey,* 185 N. C., 262.

We find no error and affirm the judgment of the lower court.

Affirmed.