W. GLENN LEWIS v. WALTER ALLRED, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF D. FRANK ALLRED, DECEASED, AND AS AGENT FOR LESSIE F. ALLRED, MAY ALLRED ELLIOTT, ET VIR, JOHN P. ELLIOTT, FRED E. ALLRED, ET UX, THELMA L. ALLRED, JOHNNIE H. ALLRED, ET UX, PAULINE D. ALLRED, AND ETTA ALLRED PROOK, ET VIR, GEORGE D. PROOK, AND LESSIE F. ALLRED, INDIVIDUALLY, MAY ALLRED ELLIOTT, ET VIR, JOHN P. ELLIOTT, INDIVIDUALLY, FRED E. ALLRED, ET UX, THELMA L. ALLRED, INDIVIDUALLY, JOHNNIE H. ALLRED, ET UX, PAULINE D. ALLRED, INDIVIDUALLY, AND ETTA ALLRED PROOK, ET VIR, GEORGE D. PROOK, ET VIR, GEORGE D. PROOK, INDIVIDUALLY.

(Filed 28 January, 1959.)

1. **Frauds, Statute of, § 2—**

   A receipt for the cash payment on an identified tract of land belonging to an estate, signed by the executor, who is also an heir and authorized to act in the matter by the other heirs, is a sufficient memorandum of the contract to convey, signed by the party to be charged within the requirement of the statute of frauds. G.S. 22-2.

2. **Vendor and Purchaser § 1:	Brokers and Factors § 3—**

   The owner of land may sell same through an agent, and such authorized agent may sign a contract to sell and convey in his own name or in the name of his principal or principals, and the authority of the agent to sell may be shown *aliunde* or by parol.

3. **Frauds, Statute of, § 6b—**

   The authority of an agent to contract to convey lands need not be in writing under the statute of frauds.

4. **Same:	Vendor and Purchaser § 6—**

   A memorandum of a contract to sell realty will not be held insufficient because of its failure to stipulate the time for performance, but in the absence of such stipulation the law implies an obligation to perform within a reasonable time.

5. **Same—**

   Where memorandum of a contract to convey lands of an estate is executed by the executor, who is also an heir and authorized to act for the other heirs, but the memorandum fails to stipulate the time for performance and the evidence is conflicting as to whether a definite

time was agreed upon by the executor and the purchaser, the question is for the jury, and an instruction to the effect that the closing date might be controlled by stipulation of the other devisees is erroneous.

Appeal by plaintiff from *Johnston, J.,* June Civil Term, 1958, of Guilford (Greensboro Division).

This is a civil action instituted on 13 August 1956 in which the plaintiff seeks specific performance of an alleged contract for conveyance of certain real property known as the Frank Allred Farm.

The defendants are Walter Allred, individually and as executor of the last will and testament of D. Frank Allred, deceased, and as agent for the other named defendants who are all the heirs at law of D. Frank Allred, deceased, and the sole beneficiaries under his will, together with the respective spouses of those who are married.

The defendant Walter Allred, according to the evidence, informed the plaintiff on or about 1 February 1956 that he had been authorized by the other heirs of D. Frank Allred, deceased, to sell the farm in question for $12,000, and inquired whether or not the plaintiff wanted to purchase the place. The plaintiff informed this defendant that he did, and stated that he wished to make a deposit on it. Defendant Walter Allred insisted that that was not necessary, but the plaintiff insisted on making the deposit and the defendant Walter Allred agreed to let him do so. The plaintiff made a deposit of $100.00 and obtained from Walter Allred a receipt in the following language: "2/1/56. Received $100.00 from Dr. W. Glenn Lewis as the initial part payment on purchase of the Frank Allred Farm. ESTATE OF D. FRANK ALLRED, By: (s) Walter Allred, Extr."

According to the plaintiff's evidence the defendant Walter Allred, at the time he agreed to sell the property to the plaintiff, informed him that they would want to close the deal around the end of the year. The defendant Walter Allred testified that he told the plaintiff in May 1956 "that we'd like to get the place sold by July, because it was renting time."

The evidence of the plaintiff tends to show that Walter Allred never set any specific date for closing the sale on the property.

The defendants' evidence is to the effect that Walter Allred never discussed a closing date with the plaintiff until about Easter 1956; that in May the plaintiff made inquiry as to whether he could close the deal with part cash; that he informed him that he would have to consult his lawyer; that he informed the plaintiff on 6 June 1956 that they would have to have cash and that they would like to get the place sold by July. The defendant Walter Allred further testified that on 18 July 1956 he and the plaintiff agreed upon 1 August 1956

as the closing date. The plaintiff denied that he and Walter Allred ever discussed a definite closing date.

The plaintiff received a letter addressed to him by the defendants' attorneys, dated 24 July 1956, which in pertinent part reads as follows: "We are enclosing herewith a copy of deed to the Allred farm property which Mr. Walter Allred will deliver to you upon payment of the agreed purchase price. Enclosed copy of deed should give your lawyer in Guilford County all the information he needs to make title check.

"It is understood that you have agreed with Mr. Walter Allred, who is acting as agent for these heirs and devisees, that you will close the purchase transaction for this property not later than the 1st day of August 1956. We have been instructed to advise you that the Allreds will insist upon this matter being closed not later than the above mentioned date, and if the matter is not concluded by that time your deposit on purchase price will be returned and the Allreds will undertake to make other disposition of the property."

The plaintiff procured a loan from the Bank of Gibsonville, but according to his evidence there was not sufficient time to have the title searched and the loan closed by 1 August. The defendant Walter Allred called the plaintiff's wife on 8 August 1956 and informed her that the deal was off and that the defendants would not deliver the executed deed. The defendant Walter Allred tore up the executed deed on 18 August 1956, five days after this action was instituted.

The following issues were submitted to the jury and answered as indicated.

"Did the defendants contract to sell the lands described to the plaintiff as alleged in the complaint? Answer: No.

"Is the plaintiff entitled to have said lands conveyed to him as alleged in the complaint, provided the plaintiff pays to the defendants the full balance of the purchase price, with interest before the execution of said deed? Answer ........ "

Judgment was entered on the verdict and the plaintiff appeals, assigning error.

*Hines & Morrisette; Cooke & Cooke for plaintiff.*
*Long, Ridge, Harris & Walker for defendants.*

DENNY, J.   The appellees deny in their answer that they contracted with the plaintiff on or about 1 February 1956 as alleged in the complaint. They also allege that the paper writing dated 1 February 1956 and signed "Estate of D. Frank Allred, By: Walter Allred, Extr.," acknowledging the receipt of $100.00 as part payment on the

purchase of the Frank Allred Farm is not a contract to sell or convey lands in writing signed by the party to be charged therewith, as required by the statute of frauds, and they pleaded the statute G.S. 22-2 in bar of any recovery.

There is no merit in this contention. The party or parties to be charged within the meaning of the statute in this action are the defendant Walter Allred and those for whom he was authorized to act. The memorandum involved in this appeal meets the requirements of the statute and the court below properly so ruled. *Hall v. Misenheimer,* 137 N.C. 183, 49 S.E. 104, 107 Am. St. Rep. 474; *Lewis v. Murray,* 177 N.C. 17, 97 S.E. 750; *Clegg v. Bishop,* 188 N.C. 564, 125 S.E. 122. Cf. *Elliott v. Owen,* 244 N.C. 684, 94 S.E. 2d 833.

The plaintiff assigns as error the following portion of the charge: "Or if you find, members of the jury, that the defendants, other than Walter Allred, had no dealings whatever with the plaintiff and didn't agree to sell him the farm and that the first dealings they had with it was to have their attorney send him a deed, that is a copy of a deed they had executed, then, of course, you would answer the first issue no."

This instruction was erroneous. While some of the defendants testified, other than Walter Allred, that they never signed anything except the deed and never authorized anyone to sign for them, the letter of 24 July 1956 to the plaintiff from the defendants' attorneys states in unequivocal language that "it is understood that you have agreed with Mr. Walter Allred, *who is acting as agent for these heirs and devisees* * * *" There can be no doubt about the authority of Walter Allred to sell the lands in question in light of the evidence disclosed on this record. Neither is there any controversy about the consideration agreed upon for the purchase and sale of the property.

The owner of real estate may sell such property through an agent, and when so acting the owner is not required to sign the agreement or to communicate with the purchaser. Moreover, the authority of a duly authorized agent to contract to convey lands need not be in writing under the statute of frauds. *Wellman v. Horn,* 157 N.C. 170, 72 S.E. 1010; 8 Am. Jur., Brokers, section 62, page 1019. The agent may sign the contract to sell and convey in his own name or in the name of his principal or principals. *Hargrove v. Adcock,* 111 N.C. 166, 16 S.E. 16; *Neaves v. Mining Co.,* 90 N.C. 412, 47 Am. Rep. 529; *Washburn v. Washburn,* 39 N.C. 306; *Oliver v. Dix,* 21 N.C. 158. Furthermore, the authority of an agent to sell the lands of another may be shown *aliunde* or by parol. *Hargrove v. Adcock, supra.*

There is no evidence on this record to indicate that anyone was authorized to sell the lands involved herein to the plaintiff other than

Walter Allred. Therefore, the time for closing the sale and purchase of the property may not be controlled by what the other devisees might have supposed or understood, but must be governed by the agreement between the plaintiff and their agent, Walter Allred.

In 49 Am. Jur., Statute of Frauds, section 356, page 667, it is said: "A memorandum of an agreement for the sale of land is not necessarily insufficient to satisfy the requirements of the statute of frauds because the time for performance is not stated therein. In case of an executory contract of sale, where the time for the execution of the conveyance or transfer is not limited, the law implies that it is to be done within a reasonable time, and the failure to incorporate in the memorandum such a statement does not render it insufficient. * * * " See also 37 C.J.S., Statute of Frauds, section 196, page 685.

The plaintiff is entitled to a new trial, and it is so ordered.

New Trial.