ABE GREENBERG v. MR. & MRS. HENRY W. BAILEY (BERTHA MAY CARDEN BAILEY)

No. 7214DC109

(Filed 29 March 1972)

1. **Frauds, Statute of § 2; Vendor and Purchaser § 1— memorandum of sale — separate related writings**

   In order to comply with the statute of frauds, it is not necessary that all of the provisions of the contract be set out in a single instrument, the memorandum being sufficient if the contract provisions can be determined from separate but related writings. G.S. 22-2.

2. **Frauds, Statute of § 2; Vendor and Purchaser § 1— sale of land — sales record sheet and plat — sufficiency as memorandum of sale**

   A sales record sheet signed by defendants showing that on a specified date a 70' x 130' lot was sold for defendants by an auction company to plaintiff for $10,000 and setting forth the terms of payment as $1,000 cash with the $9,000 balance to be paid upon delivery of a deed within 60 days, and a plat specifically describing the property which was attached to the sales record sheet and other exhibits by the auctioneer at the time they were executed, *held* sufficient, when considered together, to show all of the essential elements of a contract of sale.

3. **Vendor and Purchaser § 2— contract to sell land — return of purchaser's deposit by seller's agent**

   Defendants will not be relieved of their contract to sell land to plaintiff by the fact that their agent mistakenly refunded plaintiff's

cash deposit after defendants had refused to close the sale or to accept the deposit or the total consideration for the land.

4. **Frauds, Statute of § 2; Vendor and Purchaser § 1— auctioneer— agent of seller and buyer**

An auctioneer at a sale is, at the time and for that purpose, the agent of both seller and buyer.

5. **Vendor and Purchaser § 1— auction sale of land — confirmation by owner — delivery to buyer**

In receiving the sellers' written confirmation of a sale of their property by auction, the auctioneer was acting for the buyer as well as the seller, and it was unnecessary that the written confirmation be actually delivered to the buyer in order for the contract of sale to be binding upon the parties.

APPEAL by defendants from *Lee, District Judge,* 2 August 1971 Session of District Court held in DURHAM County.

Plaintiff seeks specific performance of an alleged written contract to convey real property arising out of an auction sale held 27 February 1971. The cause was heard pursuant to stipulation by District Judge Lee without a jury.

The property in question is a lot, 70' x 130', located at the intersection of Roxboro Road and Woodland Drive in Durham County and adjoining property owned by the estate of Julius Cleveland Carden. Feme defendant is a beneficiary of the Carden estate. Attorneys William Y. Manson and E. C. Bryson, Jr., were appointed as commissioners to sell the Carden estate property. They retained R. B. Butler Auction Company, Inc., to auction the property and an auction sale was advertised for 27 February 1971.

About three weeks before the Carden sale, defendants authorized the auction company to sell their lot at the time of that sale. Plaintiff was the high bidder on defendants' lot and also on the Carden property. Immediately after the sale, plaintiff signed a written certification (plaintiff's Exhibit B) that he had purchased the lot, "Subject to Confirmation by the Owner" and that he promised to pay the amount of his bid ($10,000.00), payable ten percent cash, with the balance to be paid upon delivery of the deed. Defendants, on the date of the sale, signed two paperwritings. The first (plaintiff's Exhibit C) provides as follows:

"This sheet represents a true and accurate record of all sales conducted this day, February 27, 1970, for the said

---

Greenberg  v.  Bailey

---

Mr. and Mrs. Henry W. Bailey with total sales amounting
to $10,000.00; and all monies in the amount of $1,000.00;
has been turned over to the said Attorney E. C. Bryson,
Jr. and receipt for this money is hereby granted to the
R. B. Butler Auction Co. in full. All above property being
confirmed by the owners or the undersigned agents by
deposits accepted by us. The R. B. Butler Auction Co. and
Robert H. Chandler is hereby released from any further
liabilities that may incur as a result of this sale.

This the 27th day of February 19_____.

SEAL      Mrs. Henry W. Bailey

SEAL      Henry W. Bailey"

The second instrument signed by defendants (plaintiff's
Exhibit D) is as follows:

"SALES RECORD AND SETTLEMENT SHEET

Sale Conducted For Mr. & Mrs. Henry W. Bailey

Date _____ 19_____

| Lot. No. | In Block | Purchaser | Price Paid | Cash Payments |
|----------|----------|-----------|------------|---------------|
| 70x130   |          | Abe Greenberg | $10,000.00 | $1,000.00 |

*Notes Given* — $9,000.00

*Remarks* Balance Cash on Del. of Deed in 60 Days.

Amount Due R. B. Butler Auction Co. $600.00 Com-
mission for Sales Services Rendered this day February 27,
1971—To be paid out of Proceeds of Sale by Attorney
Ed Bryson, Jr.

Mrs. Henry W. Bailey

Henry W. Bailey"

On the date of the sale, the auctioneer stapled together
plaintiff's Exhibits B, C, D and E (a plat fully describing the
lot sold), and the auction company retained possession of the
instruments until they were delivered to plaintiff after defend-
ants refused to convey the lot.

Defendants testified that their agreement with the auction company was that if the sale of the Carden property did not go through, neither would the sale of their lot. The sale of the Carden property was not confirmed, and, upon learning this, defendants advised the auction company that they would not sell their lot. Plaintiff's evidence tended to show that the sale of defendants' lot was unrelated to that of the Carden property; that defendants agreed at all times to confirm the sale of their lot on the day of the sale irrespective of what happened with respect to the Carden sale; and that defendants did confirm the sale by signing plaintiff's Exhibits C and D.

The court found facts favorable to plaintiff, concluded that Exhibits B, C, D and E, when considered together, constitute a sufficient memorandum of sale, and ordered defendants to convey the property and plaintiff to pay the agreed purchase price.

*Nye & Mitchell by Charles B. Nye for plaintiff appellee.*

*C. Horton Poe, Jr., for defendant appellants.*

GRAHAM, Judge.

Defendants assign as error the court's conclusion that Exhibits B, C, D and E constitute a sufficient memorandum of sale to comply with the statute of frauds. This assignment of error is overruled.

[1] "All contracts to sell or convey any lands . . . or any interest in or concerning them . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged. . . . " G.S. 22-2. To comply with the statute it is not necessary that all of the provisions of a contract be set out in a single instrument. "The memorandum required by the statute is sufficient if the contract provisions can be determined from separate but related writings." *Hines v. Tripp,* 263 N.C. 470, 474, 139 S.E. 2d 545, 548. "The writings must disclose, at least with sufficient definiteness to be aided by parol, the terms of the contract, the names of the parties, and a description of the property." 4 Strong, N. C. Index 2d, Frauds, Statute of, § 2, p. 62.

[2] Exhibit D, entitled Sales Record and Settlement Sheet is sufficient to show that, on the date of the auction, a 70′ x 130′

lot was sold for defendants by the auction company to plaintiff for the sum of $10,000.00. The terms of payment are set forth as $1,000.00 cash, with the balance of $9,000.00 to be paid upon delivery of deed within 60 days. A specific description of the property is furnished by the plat (Exhibit E) which was physically attached by the auctioneer to the sales record and the other exhibits at the time they were executed. The male defendant conceded on cross-examination that the 70′ x 130′ lot shown on Exhibit E is the lot referred to in Exhibit D.

We hold that these exhibits, when construed together, are sufficient to show all of the essential elements of a contract of sale. The property sold is described, the parties are named, and the terms of the sale are clearly set forth. Our attention is directed to no essential feature of the contract which is left uncertain by the instruments which defendants admit they executed.

[3] Defendants contend they should be relieved of their obligation under the contract because E. C. Bryson, Jr. mistakenly refunded to plaintiff the $1,000.00 cash payment intended for defendants' lot. This payment, which was included in a check for $5,000.00 given as a deposit on both sales, was returned when it was learned that the Carden sale would not be confirmed. Mr. Bryson testified that it slipped his mind that $1,000.00 of the check returned had been deposited as a cash payment on defendants' lot.

Plaintiff's Exhibit C establishes that Bryson was defendants' agent for the receipt of the cash deposit. At the time he returned the check to plaintiff, defendants had refused to close the sale or to accept the $1,000.00 cash payment or the total consideration for the lot. Plaintiff stands ready to comply with the contract. Under these circumstances, defendants are in no position to contend that "the deal is off" because the cash deposit was inadvertently returned by their agent.

Defendants argue that Exhibit B constitutes at most an offer by plaintiff to purchase, and that since plaintiff did not receive defendants' "purported written acceptance," as represented by Exhibits C, D and E, until after defendants' rejection of the offer had been communicated to him, no contract came into existence. This argument is untenable.

Greenberg v. Bailey

**[4, 5]** An "auctioneer at a sale is, at the time and for that purpose, the agent of both seller and buyer. . . . " *Smith v. Joyce,* 214 N.C. 602, 605, 200 S.E. 431, 434. The written instruments confirming the sale were delivered to the auctioneer and kept by the auction company as a part of its original records of the sale. In receiving the confirmation, the auctioneer was acting for the buyer as well as the seller and it was unnecessary that the instruments be actually delivered to the buyer in order for the contract of sale to be binding on the parties. When an owner sells real property through an agent, the owner is not required to sign the agreement or to communicate with the purchaser. *Lewis v. Allred,* 249 N.C. 486, 106 S.E. 2d 689. Likewise, when a purchaser buys real property through an agent it is not necessary that the agent deliver to him the written acceptance of his offer in order for a binding agreement to arise. "[A] principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to a matter over which his authority extends, although the agent does not in fact inform his principal thereof." *Norburn v. Mackie,* 262 N.C. 16, 24, 136 S.E. 2d 279, 285.

We have carefully reviewed all of defendants' assignments of error, including several we deem unnecessary to discuss. In our opinion no prejudicial error has been shown.

Affirmed.

Judges CAMPBELL and BRITT concur.