WILBUR ZACK HAYMAN v. MARY N. ROSS

No. 7430SC347

(Filed 7 August 1974)

1. **Brokers and Factors § 1— sale of real estate by broker**

    The owner of land in this jurisdiction may sell his land through an agent and the agent may sign a contract to sell and convey in his own name or in the name of his principal(s).

2. **Brokers and Factors § 4; Vendor and Purchaser § 5— specific performance of real estate contract — agreement oral — power of broker**

    Trial court properly granted defendant's motion for summary judgment in plaintiff's action for specific performance of an alleged contract for the sale of real property where the evidence showed that any agreement between plaintiff and defendant with respect to the sale of the property in question was oral, that a broker who received plaintiff's check as a binder on the property and who wrote defendant informing her of the terms of the alleged agreement was acting solely on behalf of plaintiff, and that the broker was not authorized, either expressly or impliedly, by the defendant to act on her behalf.

APPEAL by plaintiff from *Thornburg, Judge,* 26 November 1973 Session of Superior Court held in MACON County. Heard in the Court of Appeals on 11 June 1974.

This is a civil action wherein the plaintiff, Wilbur Zack Hayman, seeks from defendant, Mary N. Ross, specific performance of an alleged contract for the sale of real property, damages, and an accounting for all rents and profits received from said property on and after the date of this action. '

A survey of the record reveals the following: Plaintiff and his wife operate a ladies' clothing store in Highlands, N. C., during the summer months of the year. Likewise, defendant, who lives in Florida, is engaged in the business of selling ladies' clothing. In the fall of 1972 the plaintiff's lease expired and he began to make inquiries as to the availability of another building to house the business. On 3 January 1973 plaintiff telephoned defendant and discussed with her the possibility of purchasing a building she owned in Highlands. This conversation

was followed by a telephone call and a letter to plaintiff from Mr. Herbert R. Davis, defendant's agent. The letter described in detail the property in question, disclosed the existence of a mortgage on said property, and concluded by stating, "After you have had an opportunity to have a survey and appraisal made, we will be pleased to discuss with you in detail selling or leasing arrangements."

For the next two weeks the parties continued to exchange letters and conduct negotiations via telephone and on 22 January 1973, plaintiff decided to purchase the property. On this date plaintiff instructed Frank B. Cook, a licensed realtor in Highlands, to telephone Mr. Davis and make an offer. Plaintiff also talked with Mr. Davis at that time and Davis said he would call back after conferring with the defendant. Davis called back shortly thereafter and reported that defendant had decided to accept the offer. Then, according to the depositon of the plaintiff, " . . . I told him I would give Mr. Cook a check for a binder on the property and Mr. Cook would prepare a letter acknowledging receipt of the check and mail it to him . . . . Not a memorandum of the terms of the sale, a confirmation of the sale of the property, because they had agreed, both of them over the telephone, to both of us, that they would accept the price of $60,000."

The aforementioned letter was written by Frank B. Cook on the 27th of January 1973 and mailed to defendant. On 29 or 30 January 1973 the defendant telephoned plaintiff and informed him that she had decided not to sell the property. Subsequently, the plaintiff and defendant entered into further negotiations; however, these negotiations terminated when the parties could not agree on the terms of sale.

On 6 March 1973 the plaintiff filed a complaint seeking specific performance of the agreement between the parties as stated in the paper writing of 27 January 1973. Plaintiff alleged that he had duly performed all the conditions of the contract and "was at all times and still is ready, willing and able to complete the said contract on his part." Plaintiff further alleged that the defendant had failed to perform her part of the contract.

On 17 November 1973 the defendant, acting pursuant to Rule 56(b) of the Rules of Civil Procedure, filed a motion for summary judgment. On 4 December 1973 summary judgment was granted for the defendant, and the plaintiff appealed therefrom.

*Jones, Jones & Key, P.A., by Richard Melvin for plaintiff appellant.*

*Adams, Hendon & Carson, P.A., by George Ward Hendon and J. Horner Stockton for defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether the uncontroverted facts entitle the defendant to judgment as a matter of law.

Since this is a transaction involving the transfer of real property it is governed by G.S. 22-2 (the statute of frauds) which reads in pertinent part as follows:

> "All contracts to sell or convey any lands, tenements, or hereditaments, or any interest in or concerning them . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

[1] It is settled law in this jurisdiction that the owner of land may sell this land through an agent and the agent may sign a contract to sell and convey in his own name or in the name of his principal(s). *Lewis v. Allred,* 249 N.C. 486, 106 S.E. 2d 689 (1959). Furthermore, in 12 Am. Jur. 2d, Brokers, § 67, p. 821, it is stated:

> "Ordinarily a broker does not act in a dual capacity as the representative of both sides to a negotiation, but only as the agent of the party who first employed him. Once a deal is concluded, however, the law permits him to act as the representative of both parties *if they assent thereto,* for the purpose of signing a memorandum sufficient to take the transaction out of the statute of frauds." (Emphasis added.)

[2] In the present case plaintiff does not contend that the defendant signed a contract or memorandum to sell her property to plaintiff. However, plaintiff does contend that Frank B. Cook in writing the letter of 27 January 1973 was acting as agent for both parties and that this letter supplies the necessary writ-

ing required by G.S. 22-2. We do not agree. This letter is as follows:

"EXHIBIT C—LETTER FROM FRANK B. COOK dated
January 27, 1973
Mrs. Mary Norton Ross
5414 Riviera Drive
Coral Gables, Florida

Re:   Shop Sale

Dear Mrs. Ross:

I have received a check from Mr. W. Zack Hayman in the amount of $2,500.00 (TWO THOUSAND FIVE HUNDRED DOLLARS) to be deposited in my Trust Account and held as a binder on the sale of your Highlands Dress Shop, Building, Contents and Good Will excepting such personal items as agreed to by you and Mr. Hayman. The sale to include Lots 201-303-205 and 207 as shown by a plat drawn by Charlie McDowell, Land Surveyor, dated March 11, 1968. Seller to pay closing cost. 1973 Real Estate Taxes to be prorated as of date of closing.

It being agreed and understood that the sale price is $60,000.00 (SIXTY THOUSAND DOLLARS) purchaser to assume the outstanding mortgage or Deed of Trust in the amount of $9,800.00, (Nine Thousand Eight Hundred Dollars) leaving a balance of $50,200.00 (FIFTY THOUSAND TWO HUNDRED DOLLARS) to be paid in cash at Closing around February 16, 1973. The sale is subject to a good and merchantable title.

Sincerely yours,
s/ F.B.C.
Frank B. Cook

FBC/p
      cc:   Mr. W. Z. Hayman
            Post Office Box 305
            Thomasville, Georgia 31792"

A careful analysis of all of the evidence before us clearly establishes that any agreement between the plaintiff and defend-

ant with respect to the sale of the property in question was oral and that Cook was acting solely on behalf of the plaintiff and was not authorized (either expressly or impliedly) by the defendant to act on her behalf. Thus, there being no writing sufficient to comply with G.S. 22-2, we are of the opinion that the trial court correctly concluded that the defendant was entitled to judgment as a matter of law.

Affirmed.

Judges PARKER and VAUGHN concur.