Battle, J.
 

 The instrument executed by Broadwell and the plaintiff, is in the nature of a,n indenture, and would be an indenture had it been sealed, as well as signed, by the plaintiff. Being in the nature of an indenture, no persons are properly parties to it except those between whom it purports to be made, and, in this respect, it differs from the case of
 
 Vanhook
 
 v. Barnett, 4 Dev. Rep. 268, to which the plaintiff’s counsel refers. See
 
 Kerns
 
 v. Peeler, (ante, 226,) decided at the present term. The contract made by the defendant, Thornton, not being under his seal, is a simple contract, no matter for whom, or for what, he intended to become “ security.” The plaintiff’s counsel insists that the defendant is surety either for Broadwell alone, or for both the parties, and that in either case, he is entitled to recover. The counsel for the defendant contends that the agreement is void for uncertainty ; but if not, then it is, in effect, a guaranty for the faithful performance by Broadwell of his agreement to pay the plaintiff for his labor, and that, as such, it is void for the 'want of a consideration. He contends that the articles show that the agreement was, in fact, made on the 12th of December, 1851, when the plaintiff commenced work, though not reduced to writing until the 2nd of March following, and that, though the defendant, at the latter date, agreed to guaranty Broadwell’s contract, there was then no consideration, however it might have been had the guarantee been contempora
 
 *232
 
 neous with the contract between the parties -on the 12th of December, 1851.
 

 It is not, and cannot be, denied, that a guaranty in writing, made at the time of a contract between two or more persons, is binding upon the guarantor,-because it is founded upon the consideration which exists between the principal parties. Rut if it be made afterwards, without any new consideration, then it is not obligatory, and putting it in writing, if not uu-‘ der seal, will not help it.
 
 Rann
 
 v.
 
 Hughes,
 
 7 Term Rep. 350, note a. The statute of frauds does not require the con-consideration to be in writing, and it may, therefore, be proved by parol;
 
 Miller
 
 v. Irvine, 1 Dev. and Bat. Rep. 103. In the present case there was no such proof, 'as the bill of exceptions shows that the defendant’s liability was determined by what appeared on the face of the instrument itself. The question then is, whether the instrument discloses any consideration for the defendant’s promise, supposing that promise to be as contended for by the plaintiff. We think it does not. It is evidently the written memorial of a past transaction. The plaintiff had been working for Broadwell somewhat more than two months and a half upon the contract when it was reduced to writing, and we cannot presume, from the instrument, that the suretyship of the defendant was stipulated for in the original contract. If it were, the defendant would be bound, (provided his guaranty is sufficiently certain,) but if not, then he could not be1 held liable without proof of some new consideration. The burden of proof is upon the plaintiff, which, upon a second trial, he may, perhaps, be able
 
 to
 
 make, but in the present state of the case he cannot retain his judgment, which must be reversed in order that a
 
 venire do novo
 
 may issue.
 

 Per Curiam. Judgment reversed.