SIS RADIO, INC., D/B/A RADIO STATION WAYS v. JAMES C.
BROGAN, D/B/A BROGAN'S STUDIO OF PHOTOGRAPHY

No. 7126DC478

(Filed 4 August 1971)

1. Contracts § 25— contract as part of complaint — conclusions of pleader

Where alleged contract is made a part of the complaint and is the only basis upon which plaintiff alleges a right of recovery, the court will be governed by its particular provisions rather than the conclusions alleged by plaintiff.

2. Contracts § 4— failure of consideration

Purported contract to reserve for defendant one booth at plaintiff's bridal fair is invalid for failure of consideration where it does not specify any type of performance by plaintiff, when plaintiff was to begin performance, or how long plaintiff was to perform.

APPEAL by plaintiff from *Stukes, District Judge,* 12 April 1971 Session of District Court held in MECKLENBURG County.

Plaintiff alleges that it entered into a contract with defendant whereby it was to reserve for defendant one booth at plaintiff's 1969 Bridal Fair in consideration of payment by defendant of the sum of $1,500.00. Plaintiff alleges performance by it and breach by defendant, and seeks recovery of $1,500.00 plus interest and costs.

When the cause came on for trial in District Court the trial judge allowed defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff appealed.

*Hedrick, McKnight, Parham, Helms, Warley & Jolly, by Thomas A. McNeely, for plaintiff.*

*Osborne & Griffin, by Wallace S. Osborne, for defendant.*

BROCK, Judge.

In its complaint plaintiff alleges in paragraph 3 that a copy of the said contract is attached and incorporated by reference. Because the alleged contract is made a part of the complaint and is the only basis upon which plaintiff alleges a right of recovery, we will be governed by its particular provisions rather than the conclusions alleged by plaintiff. *Williamson v. Miller,* 231 N.C. 722, 58 S.E. 2d 743.

The document relied upon by plaintiff does not specify any type of performance by plaintiff. If defendant had undertaken to sue plaintiff upon this document, he could not show by it what plaintiff's performance was to be, he could not show when plaintiff was to begin performance, and he could not show how long plaintiff was to perform. In short the document does not specify a consideration moving from plaintiff to defendant. "It is well settled, as a general rule, that consideration is an essential element of, and is necessary to the enforceability or validity of, a contract." 17 Am. Jur. 2d, Contracts, § 86, p. 428.

Affirmed.

Chief Judge MALLARD and Judge VAUGHN concur.