WILMAR, INCORPORATED v. JOSEPH A. CORSILLO

No. 7426SC833

(Filed 18 December 1974)

1. Contracts § 7— covenant not to compete — requirement for validity

Covenants not to compete contained in employment contracts will be held valid if the covenants are in writing, entered into at the time and as part of the contract of employment, based on valuable consideration, reasonable both as to time and territory embraced in the restrictions, fair to the parties, and not against public policy.

2. Contracts § 7— covenant not to compete — illusory benefits — valuable consideration

Benefits contained in defendant's initial contract of employment were not illusory where they included the right to sell plaintiff's products and earn commissions on those sales, a drawing allowance of $800 per month, and possession of valuable sales material and equipment; therefore, the covenant not to compete set out in the contract was founded upon valuable consideration.

3. Contracts § 7— covenant not to compete — reasonableness

A covenant not to compete in defendant's initial contract of employment with plaintiff sought to protect a legitimate business interest of plaintiff and was reasonable to the parties and the public.

4. Contracts § 7— injunction prohibiting competition — territory included

An injunction prohibiting defendant from competing with plaintiff properly included all territory in which defendant sold and not just his original territory assigned in his initial contract of employment where the parties' agreement provided that defendant could not compete "within the territory in which Salesman actually sold" plaintiff's products during his employment.

APPEAL by defendant from *Godwin, Judge,* 24 June 1974 Session of Superior Court held in MECKLENBURG County.

This is an action by a manufacturer and distributor of janitorial products to enjoin one of its former salesmen from competing with it in violation of a covenant not to compete contained in an employment contract.

The contract provided that defendant would sell plaintiff's chemical products in the nonexclusive territory of Gastonia. Paragraph 6 of the contract contained a covenant not to compete with the employer for one year after termination of the employment in the territory in which defendant worked while employed by plaintiff. The covenant provided that defendant would not compete with plaintiff as to "anyone engaged in or

interested in such line of business *within the territory in which Salesman actually sold* janitorial, automotive and specialty cleaning chemicals and supplies. . . . " [Emphasis added.]

On 14 and 15 June 1971, plaintiff and defendant executed an amendment to the contract expanding the territory in which defendant was authorized to sell plaintiff's products.

From 22 April 1970 through 16 April 1974, defendant was employed by plaintiff as a salesman in Gastonia and other cities in North and South Carolina. Defendant received a regularly monthly draw and sales commissions. In a letter dated 16 April 1974, defendant voluntarily terminated his employment with plaintiff, stating that he was resigning "as of this date." The contract provided that it could be terminated by either party upon 15 days' written notice to the other party.

Defendant is now employed as a salesman with Zak Chemical Corporation of Charlotte (Zak), a company in direct competition with plaintiff, selling and marketing janitorial supplies. Since being employed by Zak, defendant has solicited and sold Zak's products to some of plaintiff's customers which were previously serviced by defendant while employed by plaintiff.

The court entered an order enjoining defendant from competing with plaintiff in Gastonia and from soliciting specific customers in other territories to whom defendant had previously sold plaintiff's goods while employed by plaintiff.

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston by Mark R. Bernstein and W. Samuel Woodard for plaintiff appellee.*

*Welling & Miller by George J. Miller for defendant appellant.*

VAUGHN, Judge.

[1] Covenants not to compete contained in employment contracts will be held valid if certain essential criteria are satisfied. The covenant must be: "(1) in writing, (2) entered into at the time and as a part of the contract of employment, (3) based on valuable considerations, (4) reasonable both as to time and territory embraced in the restrictions, (5) fair to the parties, and (6) not against public policy. [citations]." *Exterminating Co. v. Griffin* and *Exterminating Co. v. Jones*, 258 N.C. 179,

181, 128 S.E. 2d 139, 140-141. Defendant concedes that the covenant in question was in writing and was entered into at the time and as a part of the employment contract. Defendant contends, however, that the covenant fails with respect to the other standards.

Defendant contends that the contract is unenforceable because of the absence of a valuable consideration moving to him. He argues generally that the recited consideration is illusory because (1) the territory assigned is nonexclusive and defendant could not be assured that plaintiff would not send in other salesmen and deprive him of a minimum salary, (2) fixed sales commissions were not set out, the contract providing that plaintiff would pay "such commissions as are agreed upon from time to time," (3) that the employment could be terminated at the will of plaintiff (the contract provided that the employment could be terminated by either party "upon fifteen days' written notice to the other"), and (4) the contract is not, in reality, a contract of employment but is a naked contract not to compete.

[2] It is generally held that the promise of new employment is valuable consideration and will support an otherwise valid covenant not to compete contained in the initial employment contract. *Greene Co. v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166; *Industries, Inc. v. Blair,* 10 N.C. App. 323, 178 S.E. 2d 781. That the employment contract could be terminated by either party upon fifteen days' notice does not mean that the promise of employment was not valuable consideration. *See Moskin Bros. v. Swartzberg,* 199 N.C. 539, 155 S.E. 154, (where the employment was from week to week and could be terminated by either party for any reason whatsoever). That the amount of commissions defendant would be paid was not stated and that defendant's territory was nonexclusive does not make the promise of employment illusory.

The promises moving to defendant were, among others, (1) the right to sell plaintiff's products and earn commissions on those sales, (2) a drawing allowance of $800.00 per month, (3) possession of valuable sales materials and equipment. We hold that the covenant not to compete, set out in the initial contract of employment is founded upon valuable consideration. After receiving the benefits of the contract for years, defendant can hardly be heard to say that those benefits were illusory.

Defendant, with appropriate candor, does not advance any argument that the covenant is unreasonable as to the time and territory embraced in the restriction. The restriction applies only to competition for one year within the territory in which defendant actually sold plaintiff's goods during the term of his employment. The restrictions are reasonable as to the time and territory.

[3]    The employment contract contains the following:

"During the course of his employment, Salesman will receive from Wilmar valuable training and assistance as well as the monthly draw hereinabove referred to which will materially aid Salesman in establishing and holding customers as a Salesman in the janitorial, automotive and specialty cleaning chemicals and supply business; Salesman will, through personal contact with these customers, made possible by the financial and technical support furnished by Wilmar, establish business good will which is a valuable asset of Wilmar; and Salesman will become familiar with the price lists, catalogs, methods of pricing, needs and requirements of customers and methods of operation of Wilmar; all of these things will place Salesman in an unfair competitive position as to Wilmar in the event that Salesman's employment should for any reason be terminated and he should go into competition with Wilmar."

Defendant now seeks to do that which, when he entered into the contract, he agreed should not be done because of its unfairness to plaintiff. The covenant seeks to protect a legitimate business interest of plaintiff and is reasonable to the parties and the public. *Enterprises, Inc. v. Heim,* 276 N.C. 475, 173 S.E. 2d 316; *Sales and Service v. Williams,* 22 N.C. App. 410, 206 S.E. 2d 745.

The following from former Chief Justice Stacy may be appropriate here.

"There is no ambiguity in the restrictive covenant. It was inserted for the protection of the plaintiff, and to inhibit the defendant, for a limited time, from doing exactly what he now proposes to do. . . The parties regarded it as reasonable and desirable when incorporated in the contract. Subsequent events, as disclosed by the record, tend to confirm, rather than refute, this belief. Freedom to contract imports risks as well as rights. Such a covenant

Wilmar, Inc. v. Corsillo

is lawful if the restriction is no more than necessary to afford a fair protection to the covenantee and is not unduly oppressive on the covenantor and not injurious to the interests of the public.

\*     \*     \*

While the law frowns upon unreasonable restrictions, it favors the enforcement of contracts intended to protect legitimate interests. It is as much a matter of public concern to see that valid engagements are observed as it is to frustrate oppressive ones.

\*     \*     \*

In undertaking to change horses for what the defendant regards a better mount, he is reminded of his obligation to. the steed which brought him safely to midstream and readied him for the shift. The purpose here is to call his attention to the matter." *Sonotone Corp. v. Baldwin,* 227 N.C. 387, 390-391, 42 S.E. 2d 352, 354-355.

[4] Finally defendant contends that, in any event, the injunction should not include territory other than the City of Gastonia, his original territory. He urges that the new territory was assigned after his initial employment and the employment contract would not, therefore, provide consideration for the covenant not to compete in the new territory. This argument lacks merit. The covenant not to compete was not changed by the addition of new territory to defendant. The original agreement provided that he could not compete "within the territory in which Salesman actually sold" plaintiff's products during his employment.

The judgment is affirmed.

Affirmed.

Judges CAMPBELL and MORRIS concur.