CLYDE RUDD & ASSOCIATES, INC. v. ROBERT LEE TAYLOR II

No. 7518SC967

(Filed 16 June 1976)

1. **Master and Servant § 11— covenant not to compete — new contract and consideration required**

   When the relationship of employer and employee is already established without a restrictive covenant, any agreement thereafter not to compete must be in the nature of a new contract based upon a new consideration.

2. **Master and Servant § 11— covenant not to compete — promotion and change in compensation as new consideration**

   New consideration was given for defendant's covenant not to compete with plaintiff where promises moving to defendant included (1) the promotion of defendant from trainee to sales representative, which was an advancement in employment, and (2) the change in compensation from a salary to commissions and a weekly draw.

3. **Master and Servant § 11— breach of covenant not to compete — right of employer to secret profits**

   The general rule in regard to secret profits garnered by an employee, not disclosed to his employer, in breach of his fiduciary relationship with his employer, is that the earnings of the employee in the course of, or in connection with, his services belong to the employer, so that the employer in a proper action may recover the profits of the agent's transaction and the employee is accountable therefor.

4. **Master and Servant § 11— breach of covenant not to compete — damages determinable**

   In an action for breach of contract where defendant allegedly violated covenants not to compete, the trial court erred in concluding that the evidence with respect to damages was too speculative for the court to award damages, since both parties stipulated as to the various commissions earned by defendant when he worked for competitors of plaintiff prior to institution of this action.

5. **Master and Servant § 11— covenant not to compete — reasonableness of territory**

   Among the facts to be considered in determining whether the territory embraced within a covenant not to compete is reasonable are (1) the area or scope of the restriction, (2) the area assigned to the employee, (3) the area in which the employee actually worked or was subject to work, (4) the area in which the employer operated, (5) the nature of the business involved, and (6) the nature of the employee's duty and his knowledge of the employer's business operation.

6. **Master and Servant § 11— covenant not to compete — reasonableness of territory — insufficiency of evidence**

   Finding of fact that defendant was a sales representative who was assigned to, and worked solely in, a ten county area in N. C.

was insufficient to permit the determination that the parties' covenant not to compete which embraced a four state area was unreasonable.

ON *certiorari* to review order of *Winner, Judge.* Order entered 23 May 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 March 1976.

Plaintiff alleged in its complaint that it employed defendant as a salesman and entered into a written employment contract with him on 24 March 1969. The contract provided that defendant would devote all his working time to plaintiff's business and would not compete with plaintiff in "North Carolina, South Carolina, Virginia in or west of Charlottesville, and Tennessee in or east of Oak Ridge" for two years after leaving plaintiff's employment. Defendant breached the contract by selling a competitor's products while in plaintiff's employment and selling another competitor's products within the prohibited four state area after leaving plaintiff's employment.

Defendant denied that the agreement of 24 March 1969 was an enforceable contract.

The case was heard by the judge without a jury. Plaintiff offered evidence tending to show it employed defendant on 17 February 1969, and he was paid a weekly salary as a trainee until 28 April 1969, when he began receiving commissions as a sales representative. Plaintiff's products are sold throughout the four state area where the contract prohibits defendant from competing. Defendant was assigned a territory consisting of ten counties in midwestern North Carolina, but he could have been transferred at any time to another territory in the four state area. The employee whom defendant replaced had been transferred to another territory.

In 1974 plaintiff learned that defendant had been selling the products of Data Forms and Systems of Hickory, Inc., a competitor of plaintiff. Defendant agreed not to do this anymore. Since then he has been selling the products of Data Products and Supplies, Inc., a company formed by defendant and the owner of Data Forms and Systems of Hickory, Inc., and a competitor of plaintiff within the prohibited four state area. Before leaving plaintiff's employment, defendant received commissions of $11,974.39 from Data Forms and Systems of Hickory, Inc. for selling its products.

Associates, Inc. v. Taylor

Defendant offered evidence tending to show that he had been working for plaintiff at a weekly salary for a month when he signed the employment contract, and he continued receiving a salary rather than commissions for four or five weeks after signing the contract. He contends that he did not compete with plaintiff when he sold products of Data Forms and Systems of Hickory, Inc., because he sold these products to customers who had no credit with plaintiff or found plaintiff's prices too high.

The court held that the employment contract was valid and binding on defendant; that defendant had breached it by selling products for Data Forms and Systems of Hickory, Inc. while still employed by plaintiff; that plaintiff was entitled to nominal damages for this breach; and that plaintiff was not entitled to an injunction enforcing the covenant not to compete because the covenant was unreasonable as to territory. Both plaintiff and defendant appealed.

*Edwards, Greeson & Toumaras, by Elton Edwards, for plaintiff.*

*Gaither and Gorham, by James M. Gaither, Jr., for defendant.*

MARTIN, Judge.

Appeal of defendant Robert Lee Taylor II.

[1]   Defendant contends, in his only assignment of error, that the employment contract was void. He argues that there was a lack of consideration, mutuality and definiteness. Defendant states that the requisite consideration was absent in the instant case, since the relationship of employer and employee antedated the existence of the retrictive covenants and since the subsequent covenants not to compete were not based upon new considerations. We recognize that when the relationship of employer and employee is already established without a restrictive covenant, any agreement thereafter not to compete must be in the nature of a new contract based upon a new consideration. *Greene Co. v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166 (1964), *Kadis v. Britt,* 224 N.C. 154, 29 S.E. 2d 543 (1944).

[2]   In the instant case, new consideration was present. Promises moving to defendant included (1) the promotion of defendant from trainee to sales representative, which was an advance-

ment in employment, see *Greene Co. v. Arnold*, 266 N.C. 85, 145 S.E. 2d 304 (1965), and (2) the change in compensation from a salary to commissions and a weekly draw. In return, defendant promised his service to plaintiff on a full time basis and promised not to compete with plaintiff. That the employment contract could be terminated by either party upon thirty days written notice does not mean that the promise of employment was not valuable consideration. *Wilmar, Inc. v. Corsillo*, 24 N.C. App. 271, 210 S.E. 2d 427 (1974).

It is our view that the contract meets the consideration requirement and defendant's assignment of error is overruled.

Appeal of plaintiff Clyde Rudd & Associates, Inc.

Plaintiff contends in its first two assignments of error that the court erred in failing to find facts as to its damages, and in holding that the damages were too speculative to permit an award of more than nominal damages. It argues that defendant, in selling the goods of a competitor, violated his fiduciary duty to his employer and should be required to account to plaintiff for all commissions he has received.

[3]   The general rule in regard to secret profits garnered by employees, not disclosed to their employers, in breach of their fiduciary relationship with their employer, is that the earnings of the employee in the course of, or in connection with, his services belong to the employer, so that the employer in a proper action may recover the profits of the agent's transaction and the employee is accountable therefor. *Samples v. Maxson-Betts Co.*, 18 N.C. App. 359, 197 S.E. 2d 71 (1973). The contract provided: "The employee agrees . . . to devote his entire time, skill, labor and attention to said employment during the term of his employment." The court found as a fact on competent evidence that "beginning in 1973 the defendant while under the employment of the plaintiff sold items in competition with the plaintiff" and from such facts concluded as a matter of law that "during the time of his employment, defendant wilfully breached the said contract provision 5(a) by selling items of other companies."

In *Perfecting Service Co. v. Product Development and Sales Co.*, 259 N.C. 400, at 417, 131 S.E. 2d 9, 22 (1963), the Court

Associates, Inc. v. Taylor

quotes with approval *Tillis v. Cotton Mills*, 251 N.C. 359, 111 S.E. 2d 606 (1959) :

> "Absolute certainty is not required but evidence of damages must be sufficiently specific and complete to permit the jury to arrive at a reasonable conclusion."

In accord is *Norwood v. Carter*, 242 N.C. 152, 156, 87 S.E. 2d 2, 5 (1955), in which Justice Devin quoted with approval 25 C.J.S. Damages, § 28, page 496:

> "However, where actual pecuniary damages are sought, there must be evidence of their existence and extent, and some data from which they may be computed. No substantial recovery may be based on mere guesswork or inference; without evidence of facts, circumstances, and data justifying an inference that the damages awarded are just and reasonable compensation for the injury suffered."

[4]   It was stipulated by the parties that:

> " . . . during the period of time that defendant was employed by the plaintiff, he made sales also for a company named Data Forms and Systems of Hickory, Inc., upon which he earned commissions over the three year period immediately prior to the institution of this action, in the amount of $11,974.39, and that this figure equaled 70% of gross commissions earned by Data Forms and Systems of Hickory, Inc., on said sales, and that in March, 1975, defendant made sales for that company in the amount of $9,460.32 on which the gross profit was $1,944.27 and his net commission was $1,166.56; that in April, 1975, he made sales for that company of $3,421.86 on which the gross profit was $483.60 and his net commission was $290.14. It was stipulated by the parties that in February of 1975, the defendant made sales for Data Products and Supplies, Inc., in the amount of $832.40, resulting in a gross profit of $416.60, and that in April of 1975, the defendant made sales for Data Products and Supplies, Inc., in the amount of $1,096.60, resulting in a gross profit of $278.26."

We hold that the court erred in concluding that the evidence with respect to damages was too speculative for the court to award damages.

Finally, the plaintiff contends in its third and fourth assignments of error that the court erred in holding the covenant

not to compete unreasonable. Plaintiff argues that the findings of the court are insufficient to support the conclusion of law that "the restrictive covenant of employment . . . is unreasonable as to territory . . . and is therefore void and unenforceable." We agree.

[5]    The territory embraced by the restrictive covenant shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer. *Enterprises, Inc. v. Heim,* 276 N.C. 475, 173 S.E. 2d 316 (1970). In deciding what is "reasonable," the court looks to the facts and circumstances of the particular case., *Seaboard Industries, Inc. v. Blair,* 10 N.C. App. 323, 178 S.E. 2d 781 (1971). Among the facts to be considered are (1) the area, or scope, of the restriction, (2) the area assigned to employee, (3) the area in which the employee actually worked or was subject to work, (4) the area in which the employer operated, (5) the nature of the business involved, and (6) the nature of the employee's duty and his knowledge of the employer's business operation.

[6]    Here, the findings of fact were that defendant was a sales representative who was assigned to, and worked solely in, a ten county area in North Carolina. These findings are insufficient to permit the determination that the restrictive covenant of territory is unreasonable.

The result of the foregoing is this: As to the appeal of defendant Robert Lee Taylor II the judgment is affirmed; as to the appeal of plaintiff Clyde Rudd & Associates, Inc. the judgment is reversed and remanded with directions that the matter be heard as to the amount of actual damages, if any, the plaintiff is entitled to recover, and to determine from a proper finding of fact whether the restrictive covenant of territory is reasonable.

Affirmed in part and reversed in part.

Chief Judge BROCK and Judge VAUGHN concur.