BROOKS DISTRIBUTING COMPANY, INC., PLAINTIFF v. JEFFREY PUGH, DEFENDANT

BROOKS DISTRIBUTING COMPANY, INC., PLAINTIFF v. HOWARD HELTON, DEFENDANT

No. 8814SC178

(Filed 1 November 1988)

1. **Rules of Civil Procedure § 12.1— consideration of contract by trial court—motion to dismiss not treated as summary judgment**

A motion for dismissal for failure to state a claim pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) should not be treated as a motion for summary judgment pursuant to Rule 56 though the trial court considers the contract which is the subject matter of the action, since such consideration does not expand the scope of the hearing and should not create justifiable surprise in the nonmoving party.

**2. Master and Servant § 11.1— covenant not to compete—no consideration—covenant invalid as matter of law**

Since one defendant's covenant not to compete was governed by the statute of frauds and the written covenant, which was entered into seven years after his original employment, lacked an essential element, a statement of any kind of consideration, the covenant was invalid as a matter of law, and the trial court properly dismissed as to that defendant. N.C.G.S. § 75-4.

**3. Master and Servant § 11.1— covenant not to compete—contract not facially invalid for lack of consideration**

A non-competition agreement entered into by plaintiff employer and defendant employee at the beginning of defendant's employment and specifically referred to in defendant's employment contract was not facially invalid for lack of consideration, and the trial court therefore erred in dismissing plaintiff's complaint for failure to state a claim.

Judge COZORT dissenting in part.

APPEAL by plaintiff from *Bailey, Judge.* Order filed 22 September 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 30 August 1988.

Two civil actions were instituted 6 March 1986 by plaintiff-appellant Brooks Distributing Company to enforce covenants not to compete against two former employees, defendant-appellees Jeffrey A. Pugh and Howard Helton.

*Maxwell, Martin, Freeman and Beason, P.A., by James B. Maxwell and John C. Martin, for plaintiff-appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr. and E. Elizabeth Lefler, for defendant-appellees.*

JOHNSON, Judge.

Plaintiff instituted this civil action seeking the enforcement of two noncompetition agreements, injunctive relief, and compensatory and punitive damages. Each defendant answered the complaint contending, *inter alia,* that their noncompetition agreements were invalid because they were not supported by consideration, and were unreasonable as to time and territory. Defendants also counterclaimed for damage to their businesses claiming violations of G.S. sec. 75-1.1, alleging interference with contract. Further, they moved for dismissal under G.S. sec. 1A-1, Rule 12(b)(6).

Upon motion of the defendants, the trial court consolidated the actions for trial, and on 22 September 1987, the defendants' motion to dismiss was granted. From this order plaintiff appeals.

Plaintiff, Brooks Distributing Company [hereinafter Brooks], is a North Carolina corporation engaged in the business of distributing automotive additives and chemicals. Defendants Pugh and Helton were both formerly employed by plaintiff as sub-distributors.

Defendant Pugh contracted with plaintiff on 31 March 1980 to serve as its sub-distributor in five counties in North Carolina. On that same day Brooks and defendant Pugh also signed a separate "Non-Competition Agreement" to which the sub-distributorship contract specifically referred. This agreement prohibited defendant Pugh from competing with plaintiff in the sale of automotive additives and chemicals for a period of two years throughout the State of North Carolina. Plaintiff alleges that defendant Pugh's association with plaintiff was terminated on 3 November 1985, and that Pugh thereafter breached his "Non-Competition Agreement" by taking employment with a competitor and selling to one or more customers he had originally contacted for Brooks.

Howard Helton's situation is somewhat different. He worked as a sub-distributor from 1975 to 1985, but only signed his "Non-Competition Agreement" (a document substantially identical to the one signed by defendant Pugh) on 29 March 1982, after seven years' employment with plaintiff. Plaintiff alleges that defendant Helton, after terminating his association with Brooks on 25 November 1985, breached his 1982 agreement by taking employment with a competitor and selling to one or more former customers.

[1]  Before reaching the merits of this appeal, we address the issue of whether the trial court was procedurally correct in disposing of this action under G.S. sec. 1A-1, Rule 12(b)(6). Plaintiff contends that the trial court's consideration of each defendant's "Non-Competition Agreement" and defendant Pugh's employment agreement presented by defendants at pre-trial conference effectively converted the dismissal order into one for summary judgment pursuant to G.S. sec. 1A-1, Rule 56.

If a party moves to dismiss for failure to state a claim upon which relief can be granted under G.S. sec. 1A-1, Rule 12(b)(6), and

the court considers matters outside the pleadings in ruling on the motion, Rule 12(b) provides that the motion "shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." This Court has stated that the purpose of this provision is to avoid unfair surprise to the nonmoving party if extraneous materials are presented on a 12(b)(6) motion, and to allow that party reasonable time to produce materials to rebut. *Coley v. Bank*, 41 N.C. App. 121, 254 S.E. 2d 217 (1979). However, this Court in *Coley* has further stated that a trial court's consideration of a contract which is the subject matter of the action does not expand the scope of the hearing and should not create justifiable surprise in the nonmoving party. Since no prejudice results to the nonmoving party, dismissal may be properly had under Rule 12(b)(6). *Id.* at 126, 254 S.E. 2d at 220.

The case *sub judice* falls squarely under the rule of *Coley*, and therefore the trial court was procedurally correct in dismissing under Rule 12(b)(6).

In reviewing the dismissal granted defendants Pugh and Helton under G.S. sec. 1A-1, Rule 12(b)(6), we first note that the "question for the court [on a motion to dismiss] is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted . . . ." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E. 2d 838, 840 (1987) (citation omitted). Further, in ruling on a motion to dismiss, a court may properly consider documents which are the subject of a plaintiff's complaint and to which his complaint specifically refers even though they are presented by the defendant. *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E. 2d 672 (1988), *citing Coley, supra*. Therefore, in the case *sub judice*, the trial court properly considered the two covenants and defendant Pugh's employment agreement in ruling on the motion. On appeal, plaintiff must demonstrate that the "Non-Competition Agreements" in question are not void and unenforceable as a matter of law.

Contracts in restraint of trade are illegal under G.S. sec. 75-1. *See also* G.S. sec. 75-2 and G.S. sec. 75-4. However, North Carolina courts will in equity find a covenant not to compete valid and enforceable if it is:

1. In writing.

2. Made part of a contract of employment.

3. Based on reasonable consideration.

4. Reasonable both as to time and territory.

5. Not against public policy.

*A.E.P. Industries v. McClure,* 308 N.C. 393, 402-03, 302 S.E. 2d 754, 760 (1983) (citations omitted).

[2] In applying these standards to the covenants *sub judice,* we deem it appropriate to consider first the agreement entered into by plaintiff and defendant Helton. Defendant Helton contends his "Non-Competition Agreement" is void and unenforceable because it was not entered into as part of his contract of employment, and because it lacked consideration.

It is well established in North Carolina that "the promise of new employment is valuable consideration and will support an otherwise valid covenant not to compete contained in the initial employment contract." *Wilmar, Inc. v. Corsillo,* 24 N.C. App. 271, 273, 210 S.E. 2d 427, 429 (1974) (citations omitted), *cert. denied,* 286 N.C. 421, 211 S.E. 2d 802 (1975). However, if an employment relationship already exists without a covenant not to compete, any such future covenant must be based upon new consideration. *Greene Co. v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166 (1964); *Kadis v. Britt,* 224 N.C. 154, 29 S.E. 2d 543 (1944); *Associates, Inc. v. Taylor,* 29 N.C. App. 679, 225 S.E. 2d 602 (1976).

Plaintiff admits in its complaint that defendant Helton was employed by plaintiff for seven years before he signed his "Non-Competition Agreement." Defendant Helton received no promotion in exchange for signing the restrictive covenant, plaintiff's complaint stating that defendant Helton remained a sub-distributor until his termination in 1985. Also, defendant Helton's 1982 agreement makes no mention of any consideration whatsoever.

The requirement and sufficiency of a writing needed to limit a person's right to do business in North Carolina is governed by G.S. sec. 75-4. This Court has noted that G.S. sec. 75-4 is one of our "statute of frauds" provisions covering various types of contracts. "G.S. [sec.] 75-4 is consistent with the *other 'statute of frauds' provisions* in our law which require only that the writing be 'signed by the party charged therewith . . .' " *Manpower, Inc.*

*v. Hedgecock*, 42 N.C. App. 515, 519-20, 257 S.E. 2d 109, 113 (1979) (emphasis added).

Since the covenant in question is governed by a statute of frauds provision, namely, G.S. sec. 75-4, we believe that all the essential elements of the contract should be reduced to writing, as they are in certain other types of contracts subject to other statute of frauds provisions. For example, a contract for the sale of land or a lease which falls under the applicable statute of frauds must contain all essential terms, including the purchase price or rental price, respectively. *Fuller v. Southland Corp.*, 57 N.C. App. 1, 290 S.E. 2d 754, *disc. rev. denied*, 306 N.C. 556, 294 S.E. 2d 223 (1982); *Hurdle v. White*, 34 N.C. App. 644, 239 S.E. 2d 589 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978).

The following is a brief statement of the history of stating consideration in a contract governed by the statute of frauds and a present view on the subject:

> Section 4 of the historic English statute of frauds, which provides that no action shall be brought on certain contracts unless the agreement or some memorandum or note thereof shall be in writing . . . does not expressly require the consideration to be expressly stated in the memorandum. Long after the statute became law, and after various conflicting decisions, it was decided in England that the memorandum must state the consideration, or at least a consideration, for the promise of the defendant. The same view has been taken in many jurisdictions in this country, . . . The view is that much of the mischief which it was the object of the statute of frauds to prevent would be let in if it were competent for a party to a contract to prove the consideration by evidence not in writing. Accordingly, parol evidence is held inadmissible to show a consideration where there is not a statement of the consideration in the memorandum. However, a memorandum is not to be deemed insufficient merely because extrinsic evidence may be required to explain the statement of consideration made therein.

72 Am. Jur. 2d, *Statute of Frauds*, sec. 344 (1974).

Plaintiff argues that Helton's noncompetition agreement did not establish, as a matter of law, that no new consideration was

provided in return for his agreement not to compete. Plaintiff overlooks the fact that the agreement, (1) is not internally related to some other writing from which the necessary contract provisions can be determined, and (2) does not contain any statement of obligation flowing from the employer to the employee. Plaintiff also ignores the fact that the agreement contains no reference to consideration whatsoever. Accordingly, evidence to show consideration where there is not a statement of consideration is inadmissible.

We believe our position is also in line with this Court's holdings in *Radio, Inc. v. Brogan*, 12 N.C. App. 172, 182 S.E. 2d 594 (1971), and *Radio, Inc. v. Florist*, 12 N.C. App. 173, 182 S.E. 2d 595 (1971). In each case, plaintiff alleged a breach of its contract with defendant, attached the contract to its complaint, and incorporated it by reference. The contract was the only basis upon which plaintiff alleged a right of recovery. This Court affirmed the trial court's dismissal for failure to state a claim upon which relief may be granted on the grounds that the contract did not specify any type of performance by plaintiff. The Court noted that "[i]f defendant had undertaken to sue plaintiff upon this document, he could not show by it what plaintiff's performance was to be, . . . when plaintiff was to begin performance, . . . [or] how long plaintiff was to perform. In short the document does not specify a consideration moving from plaintiff to defendant." *Brogan* at 173, 182 S.E. 2d at 595.

Likewise, in the case *sub judice*, plaintiff's complaint bases recovery solely on defendant Helton's noncompetition agreement dated 29 March 1982. Also, as in the *Brogan* case, the covenant before us states no consideration running from plaintiff to defendant. We believe the covenant defendant Helton signed is not a valid contract because no definite agreement can be ascertained from it. *See* 3 Strong's, *Contracts*, sec. 3 (1976).

The Court in *Brogan* also stated that it would be governed by the particular provisions of the contract attached by plaintiff to its complaint rather than the conclusions alleged by plaintiff. Although, in the case at bar, the covenant was introduced by defendant rather than plaintiff, we agree that its provisions, rather than the conclusions alleged by plaintiff, should control. Therefore, Brooks' allegation that the covenant was based on

"good and adequate consideration" does not supersede the language of the covenant itself.

Since defendant Helton's 1982 covenant not to compete lacked an essential element, a statement of any kind of consideration, we hold that it is invalid as a matter of law. Therefore, we affirm the trial court's dismissal as to defendant Helton.

[3] We turn now to the "Non-Competition Agreement" entered into by plaintiff and defendant Pugh. Although we express no opinion as to whether this covenant should ultimately be held to be valid and enforceable by the trial court, we do not find on the face of the pleadings some insurmountable bar to recovery. Unlike defendant Helton's covenant, the Pugh covenant was entered into at the beginning of Pugh's employment with Brooks and is specifically referred to in his employment contract. G.S. sec. 75-4 does not require that a non-competition agreement be set out in a single instrument. A memorandum is sufficient if the necessary contract provisions can be determined from separate but internally related writings. 6 Strong's, *Statute of Frauds* sec. 2 (1977). Therefore, defendant Pugh's covenant is not facially invalid for lack of consideration.

In short, plaintiff has made sufficient allegations at this stage to state a cause of action against defendant Pugh. We therefore hold that dismissal as to defendant Pugh was error by the trial court.

Affirmed in part, and reversed in part.

Judge PARKER concurs.

Judge COZORT concurs in part and dissents in part.

Judge COZORT dissenting in part.

I concur with that portion of the majority opinion reversing the trial court's dismissal of the action as to defendant Pugh. As to the portion affirming the dismissal of the action against defendant Helton, I dissent. I believe the trial court erred in granting defendant Helton's motion to dismiss under Rule 12(b)(6) of the Rules of Civil Procedure.

The majority opinion states that plaintiff's complaint against defendant Helton failed to state a claim because the contract upon which plaintiff's claim was based "lacked an essential element, a statement of any kind of consideration . . . [and] *is invalid as a matter of law*." (Emphasis added.) In support of its holding, the majority relies on the view expressed in the second edition of *American Jurisprudence* that the statute of frauds requires that the consideration be in writing, and that evidence extrinsic to the written agreement is inadmissible to show a consideration when there is not a statement of consideration in the agreement or memorandum evidencing the agreement. *See* 72 Am. Jur. 2d *Statute of Frauds* § 344 (1974). I do not believe that view is a correct statement of the law of this State.

It is without doubt that a contract to be enforceable must be supported by consideration. *See* Restatement of Contracts § 71 (1979). Our courts have long recognized the requirement of consideration in employment contracts containing covenants not to compete. *See, e.g., Exterminating Co. v. Griffin and Exterminating Co. v. Jones*, 258 N.C. 179, 128 S.E. 2d 139 (1962); *Greene Co. v. Kelley*, 261 N.C. 166, 134 S.E. 2d 166 (1964); and *Wilmar, Inc. v. Liles and Wilmar, Inc. v. Polk*, 13 N.C. App. 71, 185 S.E. 2d 278 (1971), *cert. denied*, 280 N.C. 305, 186 S.E. 2d 178 (1972). For a situation like the instant case, where the relationship of employer and employee is already established without a restrictive covenant, any agreement thereafter not to compete "must be in the nature of a new contract based upon a new consideration." *Greene Co. v. Kelley*, 261 N.C. at 168, 134 S.E. 2d at 167.

In the case below, plaintiff filed a complaint alleging "[t]hat for good and adequate consideration, and as part of the employment of the Defendant by the Plaintiff, the Defendant signed a non-competition agreement . . . ." Plaintiff's complaint alleges consideration. When considering the complaint under Rule 12(b)(6) of the Rules of Civil Procedure, the court must treat the allegations of the complaint as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). Thus, we must assume that the defendant's promise was supported by consideration. It is inappropriate to consider, for purposes of a motion under 12(b)(6), whether the contract fails to comport with the statute of frauds, because the defense that the statute of frauds bars enforcement of a contract is an affirmative defense that "can only be raised by answer or

reply." *Weant v. McCanless*, 235 N.C. 384, 386, 70 S.E. 2d 196, 198 (1952); Rule 8(c), N.C. Rules Civ. Proc. The majority has resolved an issue not before the trial court on the motion to dismiss under Rule 12(b)(6). I also note that defendant's answer fails to raise the statute of frauds as a defense and does not deny the contract.

In any event, assuming the statute of frauds question was before the trial court and needs to be resolved here, I do not believe that § 75-4 of our General Statutes requires that the consideration given in return for a covenant not to compete must be in writing.

The majority rule among jurisdictions appears to be that a contract within the statute of frauds must, in order to satisfy that statute, include a statement of the consideration for the promise of the defendant. *See* 72 Am. Jur. 2d § 344 (1972). This rule mirrors the English rule set forth in *Wain v. Warlters*, 5 East 10, 102 Eng. Reprint 972 (1804), which construed the British Statute of Frauds, 29 Charles II., with respect to a promise to pay the debt of another. North Carolina, however, follows what may be termed the minority position. *See* Annot., 23 A.L.R. 2d 164 (1952).

In *Miller v. Irvine*, 18 N.C. (1 Dev. & Bat. Law) 103 (1834), Chief Justice Ruffin of our Supreme Court considered the authority of *Wain v. Warlters* and decided that the Court was free to exercise its own judgment on the question of whether the writing must express the consideration. The court then rejected the English rule, reasoning that the statute of frauds does not require the consideration to be memorialized in a writing for the same reason that the statute requires the signature only of the party charged with making the promise: "[I]f one only is to be charged on [the contract], there seems to be no reason why it should contain any matter but such as charges him; that is, such stipulations as are to be performed on his part." *Id.* at 104. Therefore, the court concluded:

> [T]he statute does not extend to the consideration at all, but that the fraud and perjury provided against, is that which charges the defendant to do what he never contracted to do.

*Id.* at 108.

The North Carolina rule has been applied in actions to enforce the sale or conveyance of real property, *see, e.g., Miller v.*

*Irvine*, 18 N.C. (1 Dev. & Bat. Law) 103 (1834) and *Lewis v. Murray*, 177 N.C. 17, 97 S.E. 750 (1919), and in cases involving promises to answer for the debt of another. *See Green v. Thornton*, 49 N.C. (Jones) 230 (1856); *Supply Co. v. Person*, 154 N.C. 456, 70 S.E. 745 (1911). The statute of frauds applicable to those cases requires no more or less than the statute of frauds applicable to contracts limiting a person's right to do business in this State, that is, that the contract or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith. *See* N.C. Gen. Stat. §§ 22-1, 22-2, 75-4 (1987).

*Radio, Inc. v. Brogan*, 12 N.C. App. 172, 182 S.E. 2d 594 (1972), and *Radio, Inc. v. Florist*, 12 N.C. App. 173, 182 S.E. 2d 595 (1972), cited by the majority, do not purport to address a statute of frauds question, and do not control the case before us.

This is to say only that the contract satisfies the statute of frauds contained in § 75-4; the agreement will nevertheless be invalid if there is no legally sufficient consideration. Plaintiff should be permitted to offer extrinsic evidence, written or parol, of the consideration for defendant Helton's covenant. If it cannot offer such evidence, the trial court should, on proper motion, grant summary judgment for defendant Helton under Rule 56 of the N.C. Rules of Civil Procedure. It was error, however, to grant defendant Helton's motion to dismiss for failure to state a claim. For these reasons, I respectfully dissent.