525 S.E.2d 898

**Carol C. POOLE, Respondent,**

v.

**INCENTIVES UNLIMITED, INC. d/b/a Dunlap Motivation and Travel, Appellant.**

**Incentives Unlimited, Inc. d/b/a Dunlap Motivation and Travel, Third–Party Plaintiff,**

v.

**Northshore Travel, Inc., Third–Party Defendants.**

**No. 3083.**

Court of Appeals of South Carolina.

Heard Nov. 2, 1999.

Decided Dec. 6, 1999.

Rehearing Denied Jan. 29, 2000.

D. Garrison Hill, of Hill, Wyatt & Bannister, of Greenville, for appellant.

Chris B. Roberts, Brown, Massey, Evans & McLeod, of Greenville, for respondent.

STILWELL, Judge:

The issue addressed in this appeal is whether a covenant not to compete is enforceable when entered into during an at-will employment relationship and the only "benefit" to the employee is that the employee is not terminated. While other cases have tangentially addressed the issue, this is the first time it has been so squarely presented to an appellate court in this state. The trial court held that a covenant not to compete

entered into under these circumstances is unenforceable for lack of consideration. We agree and affirm.

## FACTS

Carol C. Poole began working as a travel agent for Incentives Unlimited in April 1992. Four years later Incentives asked Poole to sign an "Employment Agreement" containing a covenant not to compete. The agreement is dated April 30, 1996, and is signed by both Poole and Incentives. The covenant provided that Poole would not engage in any activity which directly competed with Incentives for one year after Poole ceased her employment and was effective for the counties of Greenville, Spartanburg, Anderson, and Pickens. Poole alleges she was told she had to sign the agreement in order to remain employed, and she was offered no other compensation or consideration in exchange for signing the covenant not to compete.

Poole left Incentives in November 1996 and soon thereafter began working at another travel agency. Poole sued Incentives after it refused to transfer cruise bookings for her and five of her friends and they re-booked the tour at an increased cost. Incentives answered and counterclaimed, seeking an order temporarily enjoining Poole from violating the covenant not to compete and seeking damages for the alleged breach of the covenant. The trial court denied Incentives's request for a temporary injunction. Incentives's appeal of the denial of injunctive relief was held in abeyance pending consideration of the case on the merits.

Both Poole and Incentives subsequently moved for summary judgment on Incentives's counterclaim for enforcement of the covenant not to compete. The trial court granted Poole summary judgment, finding the covenant not to compete was invalid and unenforceable because, among other things, Poole received no new consideration. Incentives's two appeals were consolidated.

## DISCUSSION

Incentives contends the trial court erred in granting summary judgment to Poole on its counterclaim and finding

the covenant was unenforceable due to a lack of consideration. We disagree.

■ In order to be upheld, a covenant not to compete must be supported by valuable consideration. *Rental Uniform Serv. of Florence, Inc. v. Dudley,* 278 S.C. 674, 301 S.E.2d 142 (1983) (listing the five factors required for a covenant not to compete); *see Shayne of Miami, Inc. v. Greybow, Inc.,* 232 S.C. 161, 167, 101 S.E.2d 486, 489 (1957) ("[A] benefit to the promisor or a detriment to the promisee is sufficient consideration for a contract .").

This state has held that a covenant not to compete, ancillary to an initial contract of employment, may be enforced where the consideration for the covenant is based solely upon the at-will employment itself. *Riedman Corp. v. Jarosh,* 290 S.C. 252, 349 S.E.2d 404 (1986); *see also Small v. Springs Indus., Inc.,* 292 S.C. 481, 484 n. 1, 357 S.E.2d 452, 454 n. 1 (1987) ("At will employment constitutes sufficient consideration to support a covenant not to compete."). Therefore, there would have been adequate consideration if Poole had signed the covenant not to compete when she began working for Incentives.

In the situation where an at-will employee works for an employer for a number of years before entering into a covenant not to compete, the supreme court has held that adequate consideration existed for enforcement of the covenant because the employee's position and duties changed when he signed the covenant. *Standard Register Co. v. Kerrigan,* 238 S.C. 54, 119 S.E.2d 533 (1961). The court noted that the signing of the agreement changed the employee's contractual relationship with his employer, thus conferring on him a valuable benefit. *Id.* at 73–74, 119 S.E.2d at 543–44 (finding that "even though Kerrigan had been in the employ of the appellant for a number of years, his position and duties were changed when he signed the contract.").

In *Kerrigan,* the supreme court cited with favor the North Carolina case of *Kadis v. Britt,* 224 N.C. 154, 29 S.E.2d 543 (1944), "ordinarily employment is a sufficient consideration to support a restrictive negative covenant, but where the employment contract is supported by purported consideration of continued employment, ... [it] was without consideration where contract was exacted after several years employment

and employee's duties and position were left unchanged." *Kerrigan,* 238 S.C. at 73, 119 S.E.2d at 543 (distinguishing the situation in *Kadis* from that found in *Kerrigan* ).

The supreme court in *Kerrigan* also cited with favor the North Carolina case of *Brooks Distrib. Co. v. Pugh,* 91 N.C.App. 715, 373 S.E.2d 300 (1988), *rev'd on other grounds,* 324 N.C. 326, 378 S.E.2d 31 (1989). In *Brooks,* the North Carolina court of appeals explicitly held "if an employment relationship already exists without a covenant not to compete, any such future covenant must be based upon new consideration." *Brooks,* 373 S.E.2d at 303.[1]

 Clearly then, under South Carolina law, if an at-will employment relationship already exists without a covenant not to compete, any future covenant must be based upon new consideration. Incentives maintains that because Poole was an at-will employee, her continued employment was the consideration she received for signing the covenant. We disagree.

Incentives received a benefit when Poole signed the covenant not to compete to her detriment, but it is obvious that Poole received no new benefit. Poole enjoyed no benefit the day after she signed the agreement that she did not have the day before. After Poole signed the covenant not to compete, she remained merely an at-will employee, the same as before. She had no increase in salary, no bonus, and no changed work conditions. The promise of continued employment was illusory because even though Poole signed the covenant, Incentives retained the right to discharge her at any time.

Therefore, the covenant not to compete was not supported by consideration. *See Atlantic Joint Stock Land Bank of Raleigh v. Latta,* 164 S.C. 56, 60, 162 S.E. 68, 69 (1932) ("The promise of a person to carry out a subsisting contract with the promisee or the performance of such contractual duty is

---

**1.** Although Incentives argues *Brooks* is no longer good law because it was reversed on appeal, the portion of the opinion reversed was done so on a procedural ground that had no effect on the substantive holding. *See Brooks,* 378 S.E.2d at 31 (reversing the court of appeals's decision for the reasons stated in the dissent); *see also Brooks,* 373 S.E.2d at 305 (Cozort, J., dissenting) (dissenting on ground that the majority resolved an issue not before the court on a 12(b)(6) motion).

clearly no consideration, as he is doing no more than he was already obliged to do, and hence has sustained no detriment, nor has the other party to the contract obtained any benefit.").

Other jurisdictions have also held that continued at-will employment does not constitute adequate consideration to support the enforcement of a covenant not to compete in the absence of new consideration. *See, e.g., Maintenance Specialties, Inc. v. Gottus,* 455 Pa. 327, 314 A.2d 279 (1974) (a covenant not to compete with a former employer is enforceable if supported by new consideration, either in the form of an initial employment contract or a change in the conditions of employment; if the employee's employment status has changed beneficially, the covenant, if reasonable, is enforceable); *Martin v. Credit Protection Ass'n,* 793 S.W.2d 667 (Tex.1990) (continuation of employment in an at-will relationship is not independent, valuable consideration for covenant not to compete).

Other states, however, have held that continued employment constitutes adequate consideration for a covenant executed after commencement of employment. *See, e.g., Mattison v. Johnston,* 152 Ariz. 109, 730 P.2d 286 (Ariz.App.1986); *Abel v. Fox,* 274 Ill.App.3d 811, 211 Ill.Dec. 129, 654 N.E.2d 591 (Ill.App.1995); *Canter v. Tucker,* 110 Ohio App.3d 421, 674 N.E.2d 727 (1996); *Copeco, Inc. v. Caley,* 91 Ohio App.3d 474, 632 N.E.2d 1299 (1992) .[2]

Under *Kerrigan* and *Riedman,* South Carolina distinguishes between a covenant not to compete entered into at the beginning of employment and one entered into during the employment relationship. Under *Kerrigan,* a covenant not to compete entered into during the employment relationship requires new consideration.

Because we hold the covenant was unenforceable for lack of consideration, Incentives was not entitled to an injunction.

---

**2.** Most of the states reaching this conclusion have done so on the basis that the promise of continued at-will employment is indistinguishable from the initial promise of at-will employment. *E.g., Copeco,* 632 N.E.2d at 1301 ("As a practical matter every day is a new day for both employer and employee in an at-will relationship ... [and] we see no substantive difference between the promise of employment upon initial hire and the promise of continued employment subsequent to 'day one.' ").

Further, in light of our disposition of this case, we need not address the other issues raised in this appeal. For the foregoing reasons, the orders on appeal are

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.